UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MITCHELL BOYD, KENNETH IVEY, LUIGI R.
GRASSO, GENTRY MONTGOMERY, and MARQUISE
SIMMONS,

                         Plaintiffs,

      -v-

CITY OF NEW YORK et al.,

                         Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/6/13

12 Civ. 3385 (PAE) (JCF)
12 Civ. 3580 (PAE) (JCF)
12 Civ. 3647 (PAE) (JCF)
12 Civ. 3650 (PAE) (JCF)
12 Civ. 3691 (PAE) (JCF)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the September 18, 2012 Report and Recommendation of Magistrate Judge James C. Francis IV, recommending that the Court dismiss plaintiffs' complaints for failure to state a claim (the "Report"). For the reasons that follow, the Court adopts the Report in full as to plaintiffs Boyd, Grasso, Montgomery, and Simmons, and declines to adopt the Report as to plaintiff Ivey.

I.    **Background**

*Pro se* plaintiffs Mitchell Boyd, Kenneth Ivey, Luigi R. Grasso, Gentry Montgomery, and Marquise Simmons bring five virtually identical suits pursuant to 42 U.S.C. § 1983 against the City of New York (the "City"), Correction Commissioner Dora B. Schriro, former Commissioner Thomas R. Frieden, and Mayor Michael Bloomberg. The plaintiffs, who are or were inmates or detainees in the custody of New York City Department of Correction at the Anna M. Kross Center on Rikers Island ("AMKC"), allege violations of their constitutional rights under the Eighth and Fourteenth Amendments, and seek injunctive relief as well as

compensatory and punitive damages. They allege that the beds in the facility are "too small" and the mattresses are "too thin," and that they suffered injuries as a result. *See* Report 3 (summarizing claims).

On June 29, 2012, the City moved to dismiss the complaints pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* No. 12 Civ. 3385 (PAE)(JCF), Dkt. 18–21. None of the five plaintiffs opposed the motion to dismiss. On September 18, 2012, Judge Francis issued the Report, recommending that the City's motion to dismiss the case be granted because all five complaints failed to state a claim on which relief could be granted. *Id.*, Dkt. 26.

The deadline for plaintiffs to file objections to the Report was October 2, 2012. Only plaintiff Ivey filed any objections.

## II. Discussion

### A. Standard of Review

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE)(KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Where specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). To the extent that the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report

strictly for clear error. *See Jones v. Smith*, No. 09 Civ. 6497 (PAE)(GAY), 2012 WL 1592190, at *1 (S.D.N.Y. May 7, 2012) (collecting cases). The Court is mindful that "*pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023(LTS)(JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (citing *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)); *see also Vasquez v. Reynolds*, No. 00 Civ. 0862 (RMB)(KNF), 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002) ("Where the petitioner is *pro se*, leniency is generally accorded." (citation omitted)). Nonetheless, to trigger *de novo* review, even a *pro se* party's objections to a Report and Recommendation must be "specific and clearly aimed at particular findings" in the magistrate judge's report. *Parlin Funds LLC v. Gilliams*, No. 11 Civ. 2534 (ALC)(MHD), 2012 WL 5258984, at *1 (S.D.N.Y. Oct. 23, 2012) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

### B. Non-Objecting Plaintiffs

For Boyd, Grasso, Montgomery, and Simmons, who have proffered no objections to the Report, a review for clear error is appropriate. Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety as to those plaintiffs. Because the Report explicitly states that "[f]ailure to file timely objections will preclude appellate review," Report 12, these plaintiffs' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

The Court emphasizes that in adopting the Report, it is also adopting Judge Francis's recommendation that plaintiffs be granted permission to amend their complaints such that they state a claim of an Eighth Amendment violation. *See* Report 10–11. To do so, a plaintiff must

allege that "(1) he had a preexisting medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to the prison officials; (3) he requested a special bed to accommodate such medical condition; and (4) his request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'" *Id.* at 11 (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 186 (2d Cir. 2002)). Plaintiffs may file, with the Pro Se Office, an amended complaint that makes out these elements.

### C. Ivey

Plaintiff Ivey did file objections. No. 12 Civ. 3580 (PAE)(JCF), Dkt. 31 ("Ivey Objections"). In addition to his objections, Ivey also filed an amended complaint, which asserts the same facts. No. 12 Civ. 3580 (PAE)(JCF), Dkt. 32 ("Am. Compl.").

Ivey's objections, however, far from being conclusory, assert *additional* facts that were not alleged in his original complaint, and do not object to any specific findings in the Report. "Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *See Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases). On that basis, the Court would normally adopt the Report and dismiss Ivey's complaint.

However, Ivey also contests service of the motion to dismiss. *See* Ivey Objections 4. He states that "plaintiff had not receive [*sic*] any motion to dismiss to have been afforded an oppertunity [*sic*] to bring papers in opposition of defendant's motion to dismiss." *Id.* He also points out, correctly, that the docket sheet in his case does not reflect that any motion was filed. The Court further notes that the City did not formally enter a notice of appearance in Ivey's case until August 16, 2012. *See* Dkt. 23. However, the City did file an affidavit of service on the

4

docket of *Boyd v. City of New York*, a companion case, in which Assistant Corporation Counsel Charles Carey declared under penalty of perjury that he had mailed the motion to dismiss to all five plaintiffs here, including Ivey. *See* No. 12 Civ. 3385 (PAE)(JCF), Dkt. 20.

Given these discrepancies, and in an abundance of caution, the Court will accept Ivey's amended complaint and deny the City's motion to dismiss as moot. The Court admonishes the City to be more attentive to these matters in the future.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full as to plaintiffs Boyd, Grasso, Montgomery, and Simmons. Those plaintiffs' complaints are hereby DISMISSED with leave to file an amended complaint. The Clerk of Court is directed to terminate the motions to dismiss pending in case numbers 12 Civ. 3385, 12 Civ. 3647, 12 Civ. 3650, and 12 Civ. 3691, and to close those cases. The cases may be reopened without prejudice if a plaintiff files an amended complaint within 45 days.

For the reasons stated herein, the Court declines to adopt the Report as to plaintiff Ivey. The Court accepts for filing Ivey's amended complaint at docket number 32. The City's motion to dismiss, which does not appear on the docket for that case, is denied as moot. Defendants are directed to respond to Ivey's amended complaint.

Finally, the Clerk of Court is respectfully directed to serve this Opinion and Order on each of the plaintiffs named in the caption at his address of record.

SO ORDERED.

*Paul A. Engelmayer*
_____
Paul A. Engelmayer
United States District Judge

Dated: February 6, 2013
        New York, New York

5